late Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**Lijana QAFARENA, Gjin Qafarena, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–6209–ag.

United States Court of Appeals, Second Circuit.

May 10, 2006.

Marisa C. Petrella, Southfield, Michigan, for Petitioner.

Kay Sewell, Assistant United States Attorney (John C. Richter, United States Attorney for the Western District of Oklahoma), Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of the petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition is GRANTED.

Petitioners Gjin and Lijana Qafarena, husband and wife and citizens of Albania, through counsel, petition for review of orders of the BIA entered on November 1, 2004, affirming a May 2, 2003 decision of Immigration Judge Roxanne C. Hladylowycz ("the IJ"). *See In re Qafarena,* File Nos. A 78 938 200, A 78 938 201 (New York, NY, May 2, 2003).

We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

▌ In the present case, despite the IJ's statement that she was not making a positive or a negative credibility determination, her denial of the Qafarenas' applications appears to have been based, in large part, on her finding that much of Lijana Qafarena's testimony was not credible. To the extent that the IJ's decision was, in fact, based on her adverse credibility determination, that determination was not supported by substantial evidence.

▌ In response to the IJ's finding that there was no support for the Qafarenas' contentions that they, as "mere sympathizers of the democratic [Party]," would suffer persecution in Albania, Lijana Qafarena provided the reasonable explanation that they had been a target of Socialist Party supporters as a result of the involvement of her brother and father with the Democratic Party at the time of its formation. The IJ also erred in finding that Lijana Qafarena had failed to explain why she had not reported the harm that she and her husband suffered to the police. She clearly indicated that she had been afraid to do so because she believed that the Socialist government was responsible for the events that had allegedly taken place. This assertion is supported by State Department Reports on Albania. Further, there is no basis for the IJ's contention that threats to the Qafarenas "abruptly ... stopped" when they left Albania. Lijana Qafarena never testified to that effect, nor did the IJ ask whether the threats to her or members of her family suddenly stopped at that time. In addition, the IJ erred in finding that the Qafarenas had not fled from Albania until three years after the most serious incident of persecution that they had allegedly suffered. To the contrary, Lijana Qafarena testified that they had fled the same month in which their home was ransacked and 13 months after supporters of the Socialist Party had attacked her husband.

The number and gravity of the IJ's errors are sufficient that we cannot "state with confidence that the IJ would adhere to [her] decision if we were to remand." *See Xiao Ji Chen v. DOJ,* 434 F.3d 144, 158 (2d Cir.2006).

The petition for review is therefore GRANTED, the orders of the BIA vacat-

ed, and the case is remanded to the BIA for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).